**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| PATRICK GARRETT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. CIV-09-1378-M |
| | ) |
| PRINCIPAL LIFE INSURANCE COMPANY, | ) |
| | ) |
| Defendant. | ) |

**ORDER**

Before the Court is Plaintiff's Brief on the Merits, filed January 3, 2011. The Opening Brief of Defendant, Principal Life Insurance Company, in Support of Its Claim Denial Under ERISA was also filed on January 3, 2011. Plaintiff's response brief was filed on January 14, 2011. Defendant's response brief was filed on January 24, 2011. Additionally before the Court is Plaintiff's Supplemental Brief Discussing New Authority filed on January 10, 2012 and defendant's response filed January 19, 2012. Based upon these submissions, the Court makes its determination.

I. Introduction

Plaintiff became an employee of Garrett and Company Resources Incorporated ("GCRI") effective December 15, 1998. As an employee, plaintiff was insured under a group medical insurance policy issued by defendant. (AR 501-634). The policy was dated February 15, 2007 and was printed on February 21, 2007. The February 15, 2007 policy provides as follows:

> **Articles 7 - Certificates**
> The Principal will give the Policyholder Certificates for delivery to insured Members. The Certificates will be evidence of insurance and will describe the basic features of the coverage. They will not be considered a part of this Group Policy.

(AR 526).

On or about June 1, 2008, due to an acquisition by GCRI, the group medical policy was amended and additional employees were added.  (AR 101-242).  On June 7, 2008, a summary booklet/certificate of GCRI's June 1, 2008 amended policy was printed.  (AR 00007).

On or about April 13, 2009, plaintiff sought benefits under GCRI's group insurance policy for medical treatment received for alcohol dependence from Cliffside Malibu ("Cliffside"), a licensed California facility that provides alcohol detoxification treatment. (AR 261-262).  Initially, plaintiff's claim for payment of benefits was denied by defendant based on  Cliffside's not meeting the policy's definition of a hospital/covered facility.  (AR 289-290). On September 16, 2009, plaintiff's now retained counsel sent Cliffside's License and Certification explaining that "Cliffside" was a "hospital" as defined in the policy. (AR 306).  Plaintiff's counsel also questioned defendant's failure to promptly, fully and honestly respond to plaintiff's claim.  (AR 306).  On September 23, 2009 defendant's financial group changed the bases for denying plaintiff's claim.  (AR 635).  By letter signed by Myrna Fix, RN, Principal Financial Group,  plaintiff's claim was again denied, this time based on the following limitation language included in GCLI's June 1, 2008, amended group insurance policy:

> **Limitations**
>
> No benefits will be payable for any charges incurred in excess of the limits and maximums described in this section.  The general Comprehensive Medical limitation, as described in GH 411 O (HDHP), will apply to Mental Health, Behavioral, Alcohol or Drug Abuse Treatment Services.  In addition, Mental Health, Behavioral, Alcohol or Drug Abuse Treatment Services will not include and no benefits will be paid for:
>
> - recreational therapy, art therapy, music therapy, dance therapy, or wilderness therapy; or
> - psychoanalysis and aversion therapy; or

- Social Detoxification; or
- residential or inpatient Hospital alcohol or drug abuse rehabilitation or counseling Treatment or Service; or
- residential mental health or behavioral Treatment or Service; or
- after-care treatment programs for alcohol or drug abuse.

(AR 48). The February 15, 2007 medical policy did not contain the inpatient hospital drug and alcohol abuse treatment limitation. (AR 501-633).

On October 5, 2009, plaintiff's counsel responded to defendant's second denial explaining that the governing policy did not include the above limitation. (AR 310-311). Counsel also requested a copy of the policy containing the limitation provision referenced in defendant's second denial of plaintiff's claim. On October 16, 2009, GCRI issued an amended employee group medical policy. (AR 637). The October 16, 2009 amended policy did contain the limitation language, limiting payment of benefits for inpatient hospital alcohol or drug abuse treatment. (AR 187). On October 27, 2009 defendant responded to plaintiff's counsel's request for a copy of the policy containing the limitation, stating a summary booklet had been issued to GCLI on June 1, 2008 but the new policy was not issued until October 16, 2009, after counsel's request. (AR 637-638). Defendant upheld its denial of plaintiff's claim. (AR 637-638).

On November 17, 2009, plaintiff filed his petition in the Oklahoma County District Court, Oklahoma. The instant case was removed by defendant to this Court on December 18, 2009. Plaintiff's second amended complaint was filed on June 24, 2010.

II.     Discussion

The parties agree that the *de novo* standard applies in this case. Accordingly, the Court must review the information in the Administrative Record and determine whether defendant's decision to deny plaintiff's claim was wrong.

The sole basis for defendant's October 15, 2009 denial of plaintiff's claim is the limitation on payment of benefits for inpatient hospital alcohol or drug abuse treatment included in defendant's June 1, 2008 summary booklet/certificate and defendant's October 16, 2009 amended group policy. Plaintiff contends his $65,000.00 claim for medical services received from Cliffside should be reviewed based on defendant's February 15, 2007 group medical policy which does not include the inpatient hospital alcohol or drug abuse treatment limitation because defendant's amended October 16, 2009 policy had not been issued at the time of plaintiff's April, 2009 claim. Plaintiff also contends because the February 15, 2007 medical policy and the October 16, 2009 amended medical policy both specifically state the summary booklets/certificates will not be considered a part of the medical policies, the limitation contained in the summary booklets/certificates cannot impact plaintiff's coverage. *See Eugene S. v. Horizon Blue Cross Blue Shield of New Jersey*, ___ F.3d ___, 2011 WL 5533336 (10th Cir. Nov. 15, 2011).

Having carefully and thoroughly reviewed the Administrative Record, the Court finds that based upon the information defendant had before it, defendant's initial and interim denial of plaintiff's claim were both wrong. Specifically, the Court finds that the additional material provided by plaintiff's counsel established that Cliffside did meet defendant's policy definition of "hospital." The Court also finds that defendant's February 15, 2007 group medical policy is the only policy issued at the time of plaintiff's claim. Finally, because the February 15, 2007 policy did not contain the inpatient hospital alcohol or drug abuse treatment limitation defendant's second denial of plaintiff's claim was in error.

III.     Conclusion

For the reasons set forth above, the Court finds that defendant's decision to deny plaintiff's claim was wrong and defendant should be ordered to pay plaintiff's claim for his treatment at Cliffside.  The issue as to the amount of benefits plaintiff should received was never addressed during defendant's review of plaintiff claim because it denied plaintiff's claim in its entirety.  The Court, accordingly, DIRECTS the parties to attempt to reach an agreement as to the amount of benefits plaintiff should receive and ORDERS the parties by December 22, 2012, to either file a joint stipulation as to the amount of benefits plaintiff should receive or file briefs setting forth their respective positions on the amount of benefits to which plaintiff is entitled. The issue of pre-judgment interest and attorneys' fees is deferred until a timely motion is filed relating to these issues.  The Court REVERSES defendant's decision denying plaintiff's claim for payment for medical services rendered by Cliffside.

**IT IS SO ORDERED this 6th day of December, 2012.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE