**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| PATRICK GARRETT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. CIV-09-1378-M |
| ) | |
| PRINCIPAL LIFE INSURANCE ) | |
| COMPANY, ) | |
| ) | |
| Defendant. ) | |

## ORDER

On November 5, 2012, the Court's Order reversing defendant's decision denying plaintiff's claim for payment for medical services rendered by Cliffside Malibu, a licensed California medical facility, was filed. Pursuant to the Court's Order, Plaintiff's Brief Concerning the Principal Amount of Benefits to Which Plaintiff is Entitled was filed on December 12, 2012. Defendant's Brief on the Amount of Benefits to Which Mr. Garrett is Entitled was filed on December 26, 2012. Plaintiff's response was filed on January 11, 2013. Defendant's reply was filed on January 22, 2013. Based upon the parties' submissions, the Court makes its determination as to the principal amount of benefits owed to plaintiff by defendant.

I.  Background

Plaintiff became an employee of Garrett and Company Resources Incorporated ("GCRI") effective December 15, 1998. As an employee, plaintiff was insured under a group medical insurance policy issued by defendant. The policy was dated February 15, 2007 and was printed on February 21, 2007. On or about April 13, 2009, plaintiff sought benefits under GCRI's group insurance policy for medical treatment received for alcohol dependence from Cliffside Malibu ("Cliffside"), a licensed California facility that provides alcohol detoxification treatment. Initially, plaintiff's $65,000.00 claim for benefits was denied by defendant based on Cliffside's not meeting the policy's definition of a hospital/covered facility. On September 23, 2009, defendant changed the basis for denying plaintiff's claim, this time the total denial of plaintiff's claim

was based on the following limitation language included in GCRI's June 1, 2008, amended group insurance policy:

> **Limitations**
>
> No benefits will be payable for any charges incurred in excess of the limits and maximums described in this section. The general Comprehensive Medical limitation, as described in GH 411 O (HDHP), will apply to Mental Health, Behavioral, Alcohol or Drug Abuse Treatment Services. In addition, Mental Health, Behavioral, Alcohol or Drug Abuse Treatment Services will not include and no benefits will be paid for:
>
> - recreational therapy, art therapy, music therapy, dance therapy, or wilderness therapy; or
> - psychoanalysis and aversion therapy; or
> - Social Detoxification; or
> - residential or inpatient Hospital alcohol or drug abuse rehabilitation or counseling Treatment or Service; or
> - residential mental health or behavioral Treatment or Service; or
> - after-care treatment programs for alcohol or drug abuse.

GARI's June 1, 2008, amended group insurance policy (AR 00109).

The February 15, 2007 group insurance policy did not contain the inpatient hospital drug and alcohol abuse treatment limitation.

On October 5, 2009, plaintiff's counsel responded to defendant's second denial explaining that the governing policy did not include the above limitation. Counsel also requested a copy of the policy containing the limitation provision referenced in defendant's second denial of plaintiff's claim. On October 16, 2009, GARI issued an amended employee group medical policy that contained the limitation language. Defendant upheld its denial of plaintiff's claim based on the limitation language.

II.   Discussion

In his Complaint, plaintiff contends in 2009 he incurred medical expenses of $65,000.00 in connection with treatment he received at Cliffside. Plaintiff contends he subsequently submitted a $65,000.00 claim to defendant for payment pursuant to its employee group medical insurance policy. Plaintiff contends his medical claim was totally rejected by defendant at least twice for two different reasons. Plaintiff contends

his $65,000,00 claim was first denied by defendant based on Malibu not meeting the policy or plan definition of a hospital.  Plaintiff contends five months later defendant denied his claim a second time based on certain exclusionary language contained in a subsequent policy which limited coverage for certain inpatient treatment for alcohol or drug abuse rehabilitation.   Plaintiff argues defendant is prohibited from now raising new grounds for denial of his $65,000.00 claim.  Specifically, plaintiff contends 4 years after its first denial, defendant cannot rely upon new grounds for denying his claim. *See Spradley v. The Owens-Illinois Hourly Employee Welfare Benefit Plan,* 686 F.3d 1135 (10th Cir. 2012).

In *Spradley*, the Tenth Circuit ordered the remanding of the denial of ERISA benefits where the plan administrator gave incorrect reasons for denying benefits under certain terms of the plan, and then later tried to come up with a more plausible reason.  In rejecting the defendant's arguments, the Court stated:

> Those goals are undermined where plan administrators have available sufficient information to assert a basis for denial of benefits, but choose to hold that basis in reserve rather than communicate it to the beneficiary. Such conduct prevents ERISA plan administrators and beneficiaries from having a full and meaningful dialogue regarding the denial of benefits. Thus, the federal courts will consider only those rationales that were specifically articulated in the administrative record as the basis for denying a claim.  The reason for this rule is apparent: we will not permit ERISA claimants denied the timely and specific explanation to which the law entitles them to be sandbagged by after-the-fact plan interpretations devised for purposes of litigation.  A plan administrator may not treat the administrative process as a trial run and offer a post hoc rationale in district court.

*Id.* at 1140-41 (internal quotations and citations omitted).

Plaintiff argues defendant is prohibited from now arguing a 50% reduction in benefits based on Cliffside being a Non-Plan Preferred Provider Organization ("Non-PPO"), that plaintiff has failed to meet its deductible or that plaintiff's hospitalization should have been limited to ten (10) days.  Plaintiff contends because defendant did not make any of the above arguments almost four years ago when this case was filed, or any time since, defendant is now prohibited from making those arguments to minimize payment of his claim.

Defendant now contends $4,231.80 in benefits are payable to plaintiff for his treatment at Cliffside. Defendant bases its argument on Cliffside being a Non-PPO. Defendant goes on to explain that use of Non-PPO providers results in higher charges and reduced benefit payment. Defendant argues for the first time that none of plaintiff's $5,500 Non-PPO deductible or his $10,000 Non-PPO out of pocket expenses has been met. Defendant also makes the claim that the ten-day per calendar year limit and the 50% reduction for inpatient hospital services is also applicable because plaintiff received services from a Non-PPO. Finally, defendant submits as supplemental information an affidavit from its compliance analyst and a calculation from an outside vendor, to support its claim that the actual medical costs submitted by plaintiff exceeds defendant's self imposed prevailing charges and that under the policy plaintiff is entitled to $4,231.80 in benefits.

III. Conclusion

Having carefully and thoroughly reviewed the Administrative Record and the parties' submissions, the Court finds that the use of a Non-PPO provider, failure to meet certain deductibles and out of pocket expenses and exceeding days of covered hospitalization have not been previously argued by defendant as a basis for denying plaintiff's claim and, therefore, should not now be considered by the Court in determining the actual benefits owed to plaintiff. Additionally, the Court finds defendant has failed to assert exceptional circumstances warranting the supplementation of the administrative record with its pricing affidavit and third party pricing analysis. *See Hall v. UNUM Life Ins. Co. of America,* 300 F.3d 1197, 1202-1203 (10th Cir. 2002). Specifically, the Court finds "[t]here is nothing in the affidavit that could not have been submitted . . . at the time the challenged decision was made." *Hall,* 300 F.3d at 1203. Nor was the affidavit "necessary" to an adequate review by the district court." *Jewel v. Life Ins. Co. of N. Am.*, 508 F.3d 1303, 1317 (10th Cir. 2007). Since defendant bases its calculation of benefits owed to plaintiff on rationales not relied on by the claims administrator below and has failed to show special circumstances warranting the supplementation of the administrative record, the Court will not rely on defendant's calculation of benefits owed to the plaintiff.

Accordingly, for the reasons set forth above, the Court FINDS plaintiff is entitled to receive the

principal sum of $65,000.00 in medical benefits.

**IT IS SO ORDERED this 8th day of March, 2013.**

_____
VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE