### IN THE UNITED STATES DISTRICT COURT FOR THE
### WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| PATRICK GARRETT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. CIV-09-1378-M |
| | ) |
| PRINCIPAL LIFE INSURANCE COMPANY, | ) |
| | ) |
| Defendant. | ) |

## ORDER

Before the Court is Plaintiff's Motion for Prejudgment Interest and Attorneys' Fees, and Supporting Brief, filed March 19, 2013. On April 23, 2013, Defendant's Response to Plaintiff's Motion for Prejudgment Interest and Attorney's Fees was filed, and on April 30, 2013, plaintiff filed his reply. Based upon the parties' submissions, the Court makes its determination.

On March 8, 2013, this Court issued an order finding that defendant's decision to deny plaintiff's claim was wrong and that defendant should be ordered to pay plaintiff's claim for payment for medical treatment rendered by Cliffside Malibu medical facility. This Court issued an Order finding that plaintiff was entitled to benefits in the amount of $65,000 and entered judgment in favor of plaintiff. Plaintiff now moves, pursuant to 29 U.S.C. § 1132(g)(1) and Okla. Stat. tit. 36 § 3629(B), for an award of attorney's fees and prejudgment interest against defendant.

Section 1132(g)(1) provides that in an ERISA action "the court in its discretion may allow a reasonable attorney's fee and costs of action to either party." 29 U.S.C. § 1132(g)(1). "[A] fees claimant must show some degree of success on the merits before a court may award attorney's fees under § 1132(g)(1) . . . ." *Hardt v. Reliance Standard Life Ins. Co.*, 130 S. Ct. 2149, 2158 (2010)

(internal quotations and citation omitted).

> Clearly, it is within the district court's sound discretion to determine whether a party is entitled to attorney's fees as the result of an action brought under ERISA. Further, the granting of attorney's fees under ERISA is not to be done as a "matter of course," but is discretionary in nature.

*Gordon v. United States Steel Corp.*, 724 F.2d 106, 108 (10th Cir. 1983).  In exercising its discretion, a court should consider the following factors: (1) the degree of the opposing party's bad faith or culpability; (2) the ability of the opposing party to satisfy an award of attorney's fees; (3) the deterrence value of an award of attorney's fees; (4) whether the party requesting fees sought to benefit all plan participants or to resolve a significant legal question regarding ERISA; and (5) the relative merits of the parties' positions.[1]  *See id.* at 109.

Having carefully reviewed this matter, the Court first finds that plaintiff clearly achieved "some degree of success on the merits" and is eligible for attorney's fees under 29 U.S.C. § 1132(g)(1). Specifically, the Court finds that defendant, at least twice for two different reasons, completely denied plaintiff's 2009 claim.  Four years later, after the Court finds defendant's total denial wrong, defendant argues for a partial denial of plaintiff's claim for totally different reasons.  There is no question that defendant's decisions to deny plaintiff's claim were wrong and meet the culpability test required to meet the first factor.  The Court finds it reprehensible for plaintiff's claim to first be denied based on non existing exclusionary policy language and then four years later after this Court finds defendant culpable, to seek a 50% reduction in benefits for a totally different reason.

---

[1] In *Hardt*, the United States Supreme Court clarified that this five factor test is not mandatory but noted that once a claimant has satisfied the requirement of showing some degree of success on the merits, a court may consider the five factors in deciding whether to award attorney fees. *See Hardt*, 130 S. Ct. at 2158 n. 8.

Regarding the second factor, there is no dispute that defendant is able to satisfy an award of attorney's fees. Third, the Court finds that an award of attorney's fees would deter other plan administrators from acting in the same manner under similar circumstances. Specifically, the facts and circumstances of this case involve an employee group insurance policy and defendant's actions could be repeated with other employees under the same or a similar policy. Fourth, as plaintiff was but one employee covered by the employee group policy and defendant's claim review process other significant legal issues may be resolved with other beneficiaries of this ERISA plan with the filing this action. Finally, the Court finds that plaintiff's position was more meritorious than defendant's position.

Pursuant to Local Rule 54.2, plaintiff's counsel has submitted an affidavit stating the amount of time spent by the attorneys handling this matter for plaintiff, the hourly fee claimed by each attorney, courtesy discounts and brief descriptions of the legal work each attorney performed. Having carefully and thoroughly reviewed the supporting information for plaintiff's request for attorneys' fees, the Court finds plaintiff's request for fees reasonable and that plaintiff is entitled to $32,662.50 in attorneys' fees.

The Tenth Circuit has held that an award of prejudgment interest is considered proper in ERISA cases. *See Allison v. Bank One-Denver,* 289 F.3d 1223, 1243 (10th Cir. 2002). "Prejudgment interest is appropriate when its award serves to compensate the injured party and its award is otherwise equitable." *Id.* However, the Tenth Circuit has "held squarely that punitive damages are not available in an ERISA action and that an excessive prejudgment interest rate [which] would overcompensate an ERISA plaintiff, thereby transform[s] the award of prejudgment interest from a compensatory damage award to a punitive one." *Weber v. GE GRP. Life Assurance Co.,* 541 F.3d

1002, 1016 (10th Cir. 2008) (internal quotations and citation omitted). Both the award of prejudgment interest and its rate rest within the sound discretion of the trial court. *Id.* Finally, "[c]ourts commonly look to state statutory prejudgment interest provisions as guidelines for a reasonable rate." *Id.*

Having reviewed the parties' submissions, the Court finds that an award of prejudgment interest would be appropriate in this case to compensate plaintiff for the lost use of money to which he was legally entitled. The Court further finds that a prejudgment interest rate of 15% would be appropriate in this case. Oklahoma law provides for prejudgment interest at the rate of 15% per year in ERISA cases brought under both contract and tort-related cases. *See* Okla. State. tit. 36, § 3629(B). The Court finds that the rate of 15% per year would adequately, but not excessively, compensate plaintiff for the lost use of the money. The Court specifically finds that this 15% rate is in no way meant to punish defendant for any wrongdoing. Finally, the Court finds that this rate should be applied from April 13, 2009, the date of plaintiff's claim - the date the loss was payable pursuant to the contract  - to the date of judgment.

Accordingly, the Court GRANTS plaintiff's Motion for Prejudgment Interest and Attorneys' Fees, and Supporting Brief [docket no. 54] and for the reasons set forth above, the Court FINDS that plaintiff is entitled to attorneys' fees in the amount of $32,662.50 and prejudgment interest in the amount of $47,671.08.

**IT IS SO ORDERED this 8th day of May, 2013.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE